UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HENRY J. CULLIER**     **CIVIL ACTION**

**VERSUS**     **NO. 11-700-DEK**

**NEWELL NORMAND, ET AL.**

### ORDER AND REASONS

Plaintiff, Henry J. Cullier, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. In this lawsuit, plaintiff claims that his federal civil rights were violated by the purported denial of adequate medical care for diabetes while he was incarcerated at the Jefferson Parish Correctional Center.

In the original complaint, plaintiff sued Jefferson Parish Sheriff Newell Normand, the Jefferson Parish Correctional Center, and "Medical Department Nurses (To Be Named Later)."[1] He

---

[1] Rec. Doc. 1.

was subsequently granted leave to amend the complaint to delete Normand as a defendant and to substitute Correcthealth Jefferson, LLC (hereinafter referred to as "Correcthealth") as a defendant in his place.[2]

Correcthealth has since filed a motion to dismiss.[3] However, because that motion presented matters outside of the complaint for the Court's consideration, the motion was construed as one for summary judgment pursuant to Fed.R.Civ.P. 56.[4] See Fed.R.Civ.P. 12(d). Thereafter, plaintiff filed an opposition to that motion,[5] and Correcthealth then filed a reply memorandum in support of the motion.[6] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[7]

## I. Summary Judgment Standards

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue"

---

[2] Rec. Docs. 17, 19, and 20.

[3] Rec. Doc. 25.

[4] Rec. Doc. 26.

[5] Rec. Doc. 33.

[6] Rec. Doc. 36.

[7] Rec. Doc. 29.

when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

## II. Federal Claim Against Correcthealth

As noted, plaintiff claims that Correcthealth denied him adequate medical care for diabetes while he was incarcerated at the Jefferson Parish Correctional Center. Before analyzing the

particulars of that claim, the Court initially notes what the federal constitution does *not* require with respect to the medical care of inmates.

First, if an inmate in fact receives medical treatment, federal constitutional protections are not violated simply because that treatment is unsuccessful or because pain persists despite the treatment. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006); Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010).

Second, the federal constitution does not require that inmates receive optimal care. The fact that an inmate's medical treatment "may not have been the best money could buy" is insufficient to establish a federal violation. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert, 463 F.3d at 345 n.12; McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978).

Third, the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

On the contrary, an inmate's federal constitutional right to medical care is extremely limited. Specifically, the federal constitutional rights of an incarcerated person, whether he is a pretrial

detainee or a convicted prisoner, are violated only if his serious medical needs are met with *deliberate indifference* on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). On that point, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In its motion, Correcthealth notes that plaintiff was incarcerated at the Jefferson Parish Correctional Center for only the brief period from May 21, 2010, through June 8, 2010, and argues that his medical records from that period disprove the allegation of deliberate indifference. Those records do in fact reflect that plaintiff received repeated medical attention and treatment for his diabetes. For example:

- A medical intake screening was performed at 10 a.m. on May 21, 2010, the first day of plaintiff's incarceration at the Jefferson Parish Correctional Center. During that

5

screening it was noted that his current medical problems included "NIDDM" (i.e., "non-insulin dependent diabetes mellitus").[8]

- Also on May 21, 2010, plaintiff was prescribed Glipizide to treat his diabetes.[9] The Medication Administration Records show that plaintiff was in fact given the Glipizide twice a day as prescribed throughout his incarceration at the Jefferson Parish Correctional Center.[10]

- Also on May 21, 2010, plaintiff was placed on the facility's Type 2 Diabetes Protocol, which stated: "Fingerstick blood glucose bid ac [i.e., twice per day before meals] twice a week x 2 weeks, then PRN [i.e., as needed]."[11] The records show that he in fact received such monitoring twice on May 21, twice on May 22, once on May 27, twice on May 28, and then once daily on June 1, 2, 4, 5 and 6. Those same records also show that he was given insulin as needed on June 4, 5, and 6.[12] As noted, he was then transferred from the facility on June 8.

Clearly, the medical records in the instant case show that plaintiff was not refused treatment for his diabetes, his medical complaints were not ignored, and he was not intentionally treated incorrectly. Those records instead reflect that he was repeatedly seen by the jail's medical staff and

---

[8] Rec. Doc. 25-3, p. 1.

[9] Rec. Doc. 25-4, p. 1.

[10] Rec. Doc. 25-5, pp. 1-3

[11] Rec. Doc. 25-6, p. 1.

[12] Rec. Doc. 25-7, p. 1.

treated with medications. Accordingly, the records disprove his allegation that his medical needs were met with deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").[13]

The Court also notes that, in his opposition to defendant's motion, plaintiff makes clear that he was dissatisfied with and disagreed with his medical treatment. However, that does not make his claims actionable. Absent exceptional circumstances, a prisoner's disagreement with his medical treatment simply does not constitute deliberate indifference. Gobert, 463 F.3d at 346. Moreover, "the question of whether ... additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle, 429 U.S. at 107. Generally, such matters of professional medical judgment are better left to the medical expertise of physicians rather than to the legal expertise of judges. Federal courts are therefore loath to second-guess such medical decisions in federal civil rights actions. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); Castro v. Louisiana, Civ. Action No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action."). Based on the evidence showing that plaintiff received continued medical care for his diabetes, as well as on the complete absence of

---

[13] Because plaintiff cannot prove deliberate indifference in this case, the Court need not determine whether his diabetes actually constituted a serious medical need as required to support a federal constitutional claim.

contrary evidence, there is no basis whatsoever to engage in such second-guessing in the instant case.

In summary, the determinative issue here is not whether the medical treatment plaintiff received was subpar in some respect, whether his medical problems persisted despite treatment, or whether he was dissatisfied with his care; rather, it is only whether his serious medical needs were met with *deliberate indifference*. Because it is evident that there was no deliberate indifference in this case with respect to plaintiff's treatment for diabetes[14] while he was incarcerated at the Jefferson

---

[14] In its motion, Correcthealth also references a claim that plaintiff was denied medical treatment by a dentist for sore gums. That claim was not mentioned in plaintiff's federal complaint; instead, it was mentioned only in a copy of an administrative grievance attached as an exhibit to the complaint. Nevertheless, even if the reference in the attachment is construed as a claim in this lawsuit, that claim has no merit. Plaintiff's medical records do not show that he ever even requested treatment for "sore gums." Moreover, even if he did request such treatment, he was incarcerated at the Jefferson Parish Correctional Center for only nineteen days. The fact that non-emergency dental care was not scheduled for plaintiff within that brief period prior to his transfer does not strike the Court as being beyond the pale. Moreover, in any event, the mere delay in providing medical care is insufficient to create § 1983 liability unless substantial harm resulted. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993); Bennett v. Louisiana *ex rel.* Department of Public Safety and Corrections, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009); Davis v. Kuykendall, 242 Fed. App'x 961, 962-63 (5th Cir. 2007). In this case, there is no evidence that plaintiff suffered any harm, much less substantial harm, as a result of the brief delay of dental care.
    The Court also notes that, in his opposition to Correcthealth's motion, plaintiff references an alleged refusal to provide him with his medication for post-traumatic stress disorder. However, plaintiff did not assert such a claim in his complaint. Further, even if he had asserted such a claim, that matter was also explained in the medical records. Those records show that when plaintiff entered the jail, he had with him bottles of the antidepressants Wellbutrin and Celexa. From the dates on those bottles and the amounts of pills remaining therein, it appeared that he had not been taking those medications as prescribed. That fact, along with the fact of plaintiff's history of substance abuse, led the medical staff to decide that plaintiff should be evaluated by Dr. Richoux before being given the medication. Rec. Doc. 25-8, p. 1. Again, that medical decision does not strike the Court as unreasonable or indicative of deliberate indifference. Additionally, due to the brief duration of plaintiff's incarceration at the Jefferson Parish Correctional Center, the evaluation by Dr. Richoux apparently could not be arranged before plaintiff's transfer. However, once more, there is no evidence that plaintiff suffered any harm, much less substantial harm, as a result of the

Parish Correctional Center, Correcthealth is entitled to judgment as a matter of law with respect to plaintiff's federal claim.[15]

### III. Jefferson Parish Correction Center

Although it is somewhat unclear, it appears that plaintiff may have intended to also name the Jefferson Parish Correctional Center as a defendant in this lawsuit. If that was plaintiff's intention, that claim must fail because a jail is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. James v. Jefferson Parish Correctional Center, Civ. Action No. 07-4231, 2008 WL 1927399, at *2 (E.D. La. Apr. 30, 2008); see also Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976). Therefore, assuming that the Jefferson Parish Correctional Center was intended as a separate defendant herein, any federal claim against that defendant is hereby dismissed *sua*

---

brief delay. Accordingly, even if plaintiff had asserted such a claim in the complaint, which he did not, it would have been meritless.

[15] In that the Court has determined that there was no deliberate indifference in this case, it is unnecessary to consider the alternative grounds for dismissal argued in Correcthealth's motion.

*sponte* as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).[16]

### IV. Unnamed Nurses

As noted, plaintiff indicated on his initial complaint that he also intended to sue "Medical Department Nurses (To Be Named Later)." However, no such individuals were ever identified and named as defendants, and plaintiff cannot proceed against unidentified persons. Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La.

---

[16] Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).
Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Dec. 9, 2009); August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007). Further, it would obviously be futile to allow plaintiff an additional opportunity to amend the complaint to identify the nurses at this point because, as previously explained, his underlying federal claim for inadequate medical care has no merit. Therefore, the federal claims against the unidentified nurses must likewise dismissed *sua sponte* as frivolous and for failing to state a claim on which relief may be granted.

## V. State Law Claims

Lastly, the Court notes that Correcthealth suggests in its motion that plaintiff's complaint also asserts claims under state law. This Court, however, finds no such state law claims included in the complaint. Nevertheless, even if the Court assumes that plaintiff did intend to assert such claims against Correcthealth or any other defendants, those claims are also subject to dismissal. Where, as here, a plaintiff's federal claims are dismissed, it is appropriate for the Court to decline to exercise supplemental jurisdiction over any of the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal

claims before trial, the general rule is to dismiss any pendent claims."). If he desires, plaintiff may attempt to assert any such state law claims in state court.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment, Rec. Doc. 25, is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's federal claim against Correcthealth Jefferson, LLC, is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's federal claims against the Jefferson Parish Correctional Center and "Medical Department Nurses (To Be Named Later)" are **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this third day of January, 2012.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**